**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SHANE SMITH,

    Petitioner,                                Civil No. 2:08-CV-10775
                                            HONORABLE VICTORIA A. ROBERTS
v.                                            UNITED STATES DISTRICT JUDGE

JERI ANN SHERRY,

    Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Shane Smith, ("Petitioner"), currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction and sentence on three counts of second-degree murder, M.C.L.A. 750.317; M.S.A. 28.549; and one count of possession of a firearm in the commission of a felony [felony-firearm], M.C.L.A. 750.227b; M.S.A. 28.424 (2). For the reasons stated below, the Court will summarily deny the Petition for Writ of Habeas Corpus.

**I. Background**

Petitioner pleaded guilty to three counts of second-degree murder and one count of felony-firearm in the Wayne County Circuit Court. In exchange for his plea, the prosecutor agreed to dismiss the three original counts of first-degree murder and one count of assault with intent to rob while armed. The prosecutor further agreed to dismiss two other criminal cases against Petitoner. Finally, there was a sentence agreement

1

whereby the parties agreed that Petitioner would receive a sentence of thirty five to sixty years in prison on the second-degree murder convictions.

On March 26, 2007, Petitioner was sentenced to thirty five to sixty years in prison on the second-degree murder convictions and received a consecutive two year prison sentence on the felony-firearm conviction.

Petitioner's conviction and sentence were affirmed on appeal. *People v. Smith,* No. 279312 (Mich.Ct.App. August 8, 2007); *lv. den.* 480 Mich. 959; 741 N.W. 2d 353 (2007). Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> The lower court failed to individualize its sentence in this case. Defendant's sentence was invalid.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from

the petition itself without consideration of a return by the state. *Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970)(district court has duty to screen out any habeas corpus petition which lacks merit on its face).

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that Petitioner's sentencing claim does not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

In his sole claim for relief, Petitioner contends that the trial court judge failed to properly individualize his sentence, because he failed to take various mitigating factors into account when fashioning Petitioner's sentence. These alleged mitigating factors include Petitioner's remorse, his age, his lack of any prior felony convictions, and the fact that Petitioner had taken "mind altering substances" prior to the commission of the crimes that made Petitioner incapable of controlling his actions.

This Court initially notes that Petitioner's sentence of thirty five to sixty years in prison for the second-degree murder convictions was within the statutory limits for that offense. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000); *See also Foster v. Withrow,* 159 F. Supp. 2d 629, 645 (E.D. Mich. 2001). Claims which arise out of a state trial court's sentencing decision are not

normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002).

The Court further notes that the prosecutor and Petitioner agreed that Petitioner would receive a sentence of thirty five to sixty years on the second-degree murder convictions. The trial court sentenced Petitioner to thirty five to sixty years in prison. A defendant who consents to a specific sentence in a plea agreement and receives the exact sentence that he bargained for waives the right to challenge the sentence on appeal or collateral review. *See United States v. Livingston,* 1 F. 3d 723, 725 (8th Cir. 1993); *Drumm v. Warren,* No. 2005 WL 3107772, * 5 (E.D. Mich. November 18, 2005); *Lozada-Rivera v. United States,* 195 F. Supp. 2d 365, 368 (D. Puerto Rico 2002).

Finally, and most importantly, Petitioner's argument that the trial court failed to afford him individualized consideration of mitigating evidence on his behalf fails to state a claim upon which habeas relief can be granted, because the U.S. Supreme Court has limited its holding concerning mitigating evidence to capital cases. *Alvarado v. Hill,* 252 F. 3d 1066, 1069 (9th Cir. 2001)(*citing to Harmelin v. Michigan,* 501 U.S. 957, 996 (1991)). Because Petitioner had no constitutional right to an individualized sentence, no constitutional error would occur if the state trial court failed to consider mitigating evidence on his behalf at sentencing. *Hastings v. Yukins,* 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002).

### III. Conclusion

The Court will summarily deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny Petitioner a Certificate of Appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of Petitioner's claim to be debatable or that he should receive encouragement to proceed further. *Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

Although this Court will deny a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F.

5

3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claim, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV. **ORDER**

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

                                                                     S/Victoria A. Roberts  
                                                                       Victoria A. Roberts  
                                                                       United States District Judge

Dated: March 4, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on March 4, 2008.
>
> s/Carol A. Pinegar  
> Deputy Clerk